UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 5:09-CR-00275 |
| VERSUS | JUDGE ROBERT G. JAMES |
| TRAVIS C. DAVIS (1) | MAGISTRATE JUDGE HORNSBY |

## RULING

Before the Court is a Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act, filed by Defendant Travis C. Davis. [Doc. No. 141; *see also* Doc. No. 146] The government opposes the motion, arguing Davis is ineligible for relief. [Doc. No. 145]. Alternatively, the government argues the Court should "exercise its discretion and deny relief based on the sentencing factors provided in 18 U.S.C. § 3553(a)." *Id.* at 1. For the reasons set forth below, the Court finds Defendant is eligible for relief under the First Step Act. The Court further finds a sentence reduction is appropriate and will reduce Defendant's sentence on Counts 2 and 3 to 180 months and will reduce Defendant's term of supervised release to eight (8) years.

## I.
### BACKGROUND[1]

Davis was the target of a narcotics-related investigation run by the DeSoto Parish Sheriff's Office. In 2009, detectives obtained a search warrant for defendant's home based upon testimony of a confidential informant. The search yielded 97.59 net grams of cocaine base, 13.17 net grams of MDMA, a loaded pistol, scales and forty-five rounds of .40-caliber ammunition. Thereafter, Davis was indicted for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §

---

[1] The information in this section of the Court's Ruling was obtained from the Presentence Investigation Report, unless otherwise noted.

922(g)(1) (Count 1), Possession with Intent to Distribute 50 Grams or More of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) (Count 2), Possession with Intent to Distribute Ecstasy in violation of 21 U.S.C. §§ 841(a)(1) (Count 3), Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c) (Count 4), and Forfeiture pursuant to 18 U.S.C. § 924(d)(1) (Count 5). On April 6, 2010, Defendant was convicted on all counts following a jury trial.

On July 22, 2010, the Court imposed the following sentence: 300 months as to Counts 1, 2 and 3, to run concurrently, and sixty months as to Count 4 to run consecutively to Counts 1, 2 and 3. Following an appeal, the sentence on Count 1 was reduced to 120 months. [Doc. Nos. 101, 102]. On April 28, 2017, Davis' sentence on Counts 2 and 3 was reduced to 240 months. [Doc. No. 139]. As of this date, Davis has served approximately 125 months in prison.

## II.
### APPLICABLE LAW

At the time Davis was sentenced, distribution of 50 grams or more of cocaine base carried a mandatory minimum sentence of ten years and a maximum sentence of life imprisonment; however, if the offender had a prior felony drug conviction, his mandatory minimum sentence increased to twenty years in prison. 21 U.S.C. § 841(b)(1)(A) (West 209). In 2010, after more than two decades of substantial criticism from the Sentencing Commission and others in the law enforcement community that the harsh treatment of crack cocaine offenses was fundamentally unfair when compared to offenses involving powder cocaine, Congress passed the Fair Sentencing Act. *Dorsey v. United States*, 567 U.S. 260, 268 (2012). Section 2 of the Fair Sentencing Act increased the drug quantities triggering the mandatory minimum for crack offenses "from 50 grams to 280 grams in respect to the 10-year minimum." *Id.* at 269. While the Act did not entirely eliminate the disparity between powder and crack cocaine, it did lower the 100–to–1 crack-to-

powder ratio to 18–to–1. *Id.* The Fair Sentencing Act took effect on August 3, 2010 but applied only to sentences imposed thereafter. *Id.* at 264.

In 2018, Congress passed the First Step Act, which made the revised crack cocaine minimums established by the Fair Sentencing Act retroactive. The First Step Act provides in relevant part:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194. In this matter, the government contends Curry did not commit a "covered offense" and therefore is ineligible for relief under the First Step Act. [Doc. No. 258].

### III.
#### DISCUSSION

The government contends Curry is not eligible for relief under the First Step Act. According to the government, the definition of "covered offense" set forth in the First Step Act "keys eligibility not on the defendant's statute of conviction, but on the specific 'violation' that the defendant 'committed.'" [Doc. No. 214 at 6]. In other words, the government contends it is the

offense conduct that determines eligibility under the First Step Act, not the statute underlying a defendant's conviction and penalty. This argument has now been foreclosed by the United States Court of Appeals for the Fifth Circuit. *United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019); *see also United States v. Thompson*, 404 F.Supp.3d 1003, 1011 (W.D.La. 2019). Because Davis was convicted of a "covered offense" before August 3, 2010, and because none of the exceptions set forth in section 404(c) of the First Step Act are applicable, the Court finds Davis is eligible for relief under the First Step Act.

## IV.
### RELIEF GRANTED

In determining the appropriate sentence, the Court has considered the reduced statutory range, the applicable sentencing guidelines range, the sentencing factors set forth in 18 U.S.C. § 3553(a), and pre and post-sentencing conduct. *See Jackson*, 945 F.3d at 321-22 (citing *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019)); *United States v. Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019) (citing *Pepper v. U.S.*, 562 U.S. 476, 504 (2011)). If Davis were sentenced today, his statutory sentencing range would be five to forty years, as he would not be subject to the enhanced penalty provision of 21 U.S.C. § 841(b)(1)(B) because his prior conviction would no longer qualify for an enhanced sentence.[2] However, the provision of the First Step Act modifying the requirements triggering an enhanced penalty do not appear to apply retroactively. Therefore,

---

[2] Prior to the First Step Act, where a defendant was previously convicted of a "felony drug offense," and the government filed the proper notice, the defendant was subjected to an enhanced penalty under section 841. The First Step Act now requires the prior conviction be for a "serious drug felony" before a sentence may be enhanced under section 841. "Serious drug felony" is defined, *inter alia*, as "an offense described in section 924(e)(2) of Title 18 for which . . .the offender served a term of imprisonment of more than 12 months. . . ." 21 U.S.C.A. § 802(51). In this matter, Davis did not serve a term of imprisonment for his prior conviction as the sentence was totally suspended. [Doc. No. 53; Doc. No. 62-1 at 20-21]. Additionally, section 924(e)(2) defines a "serious drug offense" under state law as one "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance. . . ." Davis' prior conviction was for possession, not possession with intent to distribute. [PSR at 8; Doc. No. 62-1 at 19-21]

due to Davis' prior felony drug conviction, his current statutory mandatory minimum sentence for Count 2 is ten years, up to a maximum of life imprisonment, to be followed by a mandatory minimum term of eight years of supervised release. His current guideline range would be 235 to 293 months imprisonment for Counts 2 and 3.

Davis was detained on August 5, 2009 and has been incarcerated for approximately ten and a half years. At the time of his arrest, he was 29 years old; he is now over 40 years old. Like most criminal defendants who appear before this Court for narcotics crimes, Davis' criminal history is not blemish-free, however, there is no indication of any violent behavior. Davis appears to have a supportive wife, children and family. While incarcerated, Davis has taken numerous educational courses, he has gained vocational skills, and he has worked as an educational tutor to other inmates.

The Court finds a non-guideline sentence is warranted in this matter. After a review of the sentencing transcript, the Presentence Investigation Report, Davis' records from the BOP, and all briefing and supporting exhibits submitted in connection with this motion, the Court finds a sentence of 180 months for Counts 2 and 3 is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. Accordingly,

IT IS HEREBY ORDERED that the Motion to Reduce Sentence [Doc. No. 141] is GRANTED, and the Court will issue an amended judgment reducing Davis' term of incarceration on Counts 2 and 3 to 180 months and reducing his term of supervised release to eight years, with all other provisions of the judgment imposed on July 22, 2010 [Doc. No. 102] remaining in effect.

SIGNED this 17th day of January, 2020.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE